46 F.3d 1130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael D. WELLS; Paula Wells, Plaintiffs,
v.
GENERAL ELECTRIC COMPANY, a corporation, Defendant & Third
Party Plaintiff-Appellee,
v.
MONTEL METALS INCORPORATED, Third Party Defendant-Appellant.
 No. 94-1349.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1994.
Decided Jan. 11, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-91-3389-S)
 Argued: Kieron F. Quinn, Quinn, Ward & Kershaw, P.A., Baltimore, MD, for Appellant. Kent A. Gardiner, Crowell & Moring, Washington, DC, for Appellee. On Brief: Thomas Joseph Minton, John Augustine Bourgeois, Quinn, Ward & Kershaw, P.A., Baltimore, MD, for Appellant. Jonathan H. Pittman, Crowell & Moring, Washington, DC, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINS, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Montel Metals Incorporated (Montel) appeals from decisions of the district court granting summary judgment to General Electric Company (GE) on its third-party complaint against Montel for indemnity and awarding attorneys' fees in favor of GE. The district court concluded that Montel was obligated to indemnify GE for costs incurred in the defense of the underlying personal injury litigation arising from injuries sustained on GE's premises by Montel employee Michael D. Wells. We affirm.
 
 I.
 
 2
 In 1990, Montel contracted with GE to perform salvage operations at GE's appliance park in Columbia, Maryland. Like all independent contractors for GE, Montel was required to acknowledge annually that it had read and agreed to comply with certain terms and specifications set forth in two documents, known as GEA-074 and GEA-036. Each document contained an indemnity provision.[1] In January 1991, Montel's vice president executed a standard form acknowledging that she had read the documents and that Montel agreed to comply with them.
 
 
 3
 Michael D. Wells, a Montel employee, filed this action against GE in November 1991 for injuries he sustained at the appliance park. After answering the complaint, GE filed a third-party complaint against Montel, alleging that Montel was obligated to indemnify GE for the costs of defending the underlying lawsuit. The district court granted summary judgment to GE on the third-party complaint in September 1992, reasoning that Montel's acknowledgment that it had read and agreed to comply with GEA-074 and GEA-036 created a binding indemnity agreement between Montel and GE. However, the district court reserved entry of final judgment because the amount of attorneys' fees due under the indemnity agreement could not be determined until the underlying suit was resolved. In December 1992, the district court granted summary judgment to GE on Wells' claim, ruling that GE owed no duty of care to Wells.[2] Soon thereafter, the district court entered its final judgment awarding attorneys' fees to GE. Montel appeals the decisions of the district court holding that Montel had a duty to indemnify GE and thus was obligated to reimburse GE for the costs of attorneys' fees incurred.
 
 II.
 
 4
 Montel argues that GEA-074 and GEA-036 do not obligate it to indemnify GE because these documents apply only when an independent contractor is engaged in construction or installation activities, rather than dismantling and salvage. Montel points to the subject headings of the documents--"TERMS AND CONDITIONS FOR PURCHASE FOR CONSTRUCTION AND EQUIPMENT INSTALLATION " (GEA-074) and "GENERAL CONSTRUCTION/INSTALLATION PROCEDURE" (GEA-036)--as support for this position. After careful consideration, we agree with the district court that "Montel's attempt to generate some ambiguity in the plain language of the indemnity clause by arguing that the contract's stated subject matter did not mention dismantling or salvage is entirely unconvincing." Accordingly, we affirm on the reasoning of the district court. See Wells v. General Elec. Co., C/A No. 91-3389 (D. Md. Sept. 18, 1992) (order granting summary judgment); Wells v. General Elec. Co., C/A No. 91-3389 (D. Md. Jan. 12, 1994) (order awarding attorneys' fees).[3]
 
 AFFIRMED
 
 
 [1]
 Paragraph 1.23 of GEA-074 provides, in pertinent part:
 [Montel] shall indemnify, defend and hold harmless [GE] and its customers from and against all claims, damages or losses which may result in any way from any act or omission of [Montel], its agents, employees or subcontractors arising out of any [operation by Montel on the premises of GE or one of its customers].
 [Montel] will further defend, indemnify and hold [GE] harmless from and against any and all claims, damages or losses by third parties for injury or death to persons or damage to property caused in any manner by [Montel's] performance under this order or by [GE's] use of the products or services sold hereunder.
 Paragraph 4.1 of GEA-036 provides, in pertinent part:
 [Montel] shall indemnify and save [GE] harmless at all times against any liability, contributions, or taxes and on account of any and all claims, damages, losses, litigation, expenses[,] counsel fees and compensation arising out of injuries (including death) sustained by, or alleged to have been sustained by, the servants, employees, or agents of [GE] or[Montel or its] Subcontractors and from injuries (including death) sustained by, or alleged to have been sustained by, the public, servants, employees, agents of the public, any or all persons on or near the Work, or by any other person or property, real or personal, caused in whole or in part by the acts or omissions of [Montel], and its Subcontractors, or anyone directly or indirectly employed by them, while engaged in the performance of the Work.
 
 
 [2]
 This judgment was affirmed by this court. Wells v. General Elec. Co., 9 F.3d 1112 (4th Cir.1993)
 
 
 [3]
 We have examined Montel's other allegations of error and conclude that they are without merit